**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| FRANCISCO HUERTERO<br>*on behalf of himself, FLSA Collective Plaintiffs,*<br>*and the class,*<br><br>                 Plaintiff,<br><br>   v.<br><br>KAY WATERPROOFING CORP.,<br>d/b/a KR&R,<br>KAY WATERPROOFING & RESTORATION LLC,<br>d/b/a KR&R, and<br>BARRY GRUMMER<br><br>              Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff, FRANCISCO HUERTERO (hereinafter, "Plaintiff" or "Plaintiff HUERTERO"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants KAY WATERPROOFING CORP., d/b/a KR&R, KAY WATERPROOFING & RESTORATION LLC, d/b/a KR&R (the "Corporate Defendants") and, BARRY GRUMMER ("Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

**INTRODUCTION**

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.  Plaintiff, FRANCISCO HUERTERO, is a resident of New York County, New York.

6.  Defendants collectively own and operate two (2) building and waterproofing restoring companies at the same location at 211 E 123rd Street, New York, NY 10035:

      (a) KAY WATERPROOFING CORP d/b/a KR&R; and

      (b) KAY WATERPROOFING & RESTORATION LLC d/b/a KR&R,

(collectively, the "Entities"). The Entities are operated as a single integrated enterprise, under the common control of the Individual Defendant. Specifically, the Entities are engaged in related activities, share common ownership, and have a common business purpose.  Attached thereto as

2

**Exhibit A**, a google screenshot indicating Defendants' shared location. Attached thereto as **Exhibit B**, Defendants' common website offering, among others, workmanship in roofing, waterproofing, masonry, exterior facade maintenance, and cleaning as KR&R also available here: http://www.krrcorp.com/

7.   Defendants operate the Entities through the following Corporate Defendants:

(a)   Corporate Defendant, KAY WATERPROOFING CORP d/b/a KR&R is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 211 East 123rd St, New York, New York 10035. Attached thereto as **Exhibit C**, Defendant's KAY WATERPROOFING CORP New York State entity registration designating Individual Defendant as Chief Officer and Principal.

(b)   Corporate Defendant, KAY WATERPROOFING & RESTORATION LLC. d/b/a KR&R, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 211 East 123rd St, New York, New York 10035, and an address for service of process located at c/o Hofheimer Gartlir & Gross, LLP, 530 Fifth Avenue, 9th Floor, New York, New York, 10036. Attached thereto as **Exhibit D**, Defendant's KAY WATERPROOFING & RESTORATION LLC New York State entity registration.

8.   Individual Defendant BARRY GRUMMER is the principal of Corporate Defendants. BARRY GRUMMER exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. BARRY GRUMMER exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise

and control employee work schedules and conditions of employment, and determine the rate and

method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs,

and the Class. At all times, employees of the Entities could complain to BARRY GRUMMER

directly regarding any of the terms of their employment, and BARRY GRUMMER would have

the authority to effect any changes to the quality and terms of employees' employment, including

changing their schedule, compensation, or terminating or hiring such employees. BARRY

GRUMMER exercised functional control over the business and financial operations of all

Corporate Defendants. BARRY GRUMMER had the power and authority to supervise and

control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could

reprimand employees. Attached thereto as **Exhibit E**, Defendant's GRUMMER LinkedIn profile

displaying his long trajectory as Corporate Defendants' President, also available here:

https://www.linkedin.com/in/barry-grummer-03017250

9.   At all relevant times, Corporate Defendants were and continue to be an "enterprise

engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs,

and Class members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section

16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt construction and labor employees

(including but not limited to builders, mixers, installers, scaffold helpers, cleaners, and finishers)

employed by Defendants on or after the date that is six years before the filing of the Complaint in

this case as defined herein (herein, "FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have

been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt construction and labor employees (including but not limited to builders, mixers, installers, scaffold helpers, cleaners, and finishers)  employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay minimum wage, (ii) failing to pay overtime premium for hours worked in excess of 40 per workweek, (iii) failing to provide proper wage statements per requirements of the NYLL, and (iv) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of the NYLL.

18. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the

vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any

questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law and applicable state laws;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

    c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

    d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

    e. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

    f. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL and applicable state laws; and

    g. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws.

## STATEMENT OF FACTS

23. In or around October 2019, Plaintiff FRANCISCO HUERTERO was hired by Defendants to work as a scaffold helper for Defendants' KR&R entity located at 211 East 144th Street New York, New York 10035.  Plaintiff was employed by Defendants until in or around November 2020.

24. From in or around October 2019 through November 2020, Plaintiff HUERTERO regularly worked from Monday to Friday from 8:30 am to 5:00 pm, for a total of forty (40) hours per week. For at least two weeks per month, Plaintiff HUERTERO was required to work additionally on Saturdays from 8:30 am to 5:00 pm, for a total of forty-eight (48) hours per week

25. Plaintiff HUERTERO was paid $450 per week. At all times while employed by Defendants, Plaintiff was compensated on a fixed weekly basis regardless of the number of hours worked in any given week. Plaintiff's fixed weekly pay for this period averaged out to approximately $11.25 per hour, below the prevailing NYC minimum wage of $13.00 that Plaintiff was entitled to. Like Plaintiff, FLSA Collective Plaintiffs, and Class Members were also paid by Defendants at fixed daily or weekly rates of pay.

26. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received any overtime premium for the hours in excess of forty (40) that they worked each workweek. As with Plaintiff, there was never any agreement that the fixed salaries that Defendants paid FLSA Collective Members or Class Members were intended to cover overtime hours in excess of 40 per week.

27. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage statements as required by the NYLL.

28. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by the NYLL.

29. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members the NYC minimum wage rate.

30. Defendants knowingly and willfully operated their business with a policy of not paying for all hours worked, and the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs and Class members in violation of the FLSA and NYLL.

31. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff realleges Paragraphs 1 through 32 of this Class and Collective Action Complaint as fully set forth herein.

34. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs

within the meaning of the FLSA.

36. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

37. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs the NYC minimum wage.

38. At all relevant times, the Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

39. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

40. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant

to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

46. Plaintiff realleges Paragraphs 1 through 45 of this Class and Collective Action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

48. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the prevailing New York City minimum wage.

49. Defendants willfully violated the rights of Plaintiffs and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

51. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

52. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under the NYLL.

53. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of liquidated and/or punitive damages as a result of unpaid minimum wage under the New York Labor Law;

d.   An award of unpaid overtime compensation due under the FLSA and the NYLL;

e.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.   An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

h.    Designation of this action as a class action pursuant to F.R.C.P. 23;

i.    Designation of Plaintiff as Representative of the Class; and

j.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.


Date: May 21, 2021                                          Respectfully submitted,
     New York, New York                        By:    /s/ *CK Lee*

                                                               C.K. Lee, Esq.
                                                               **LEE LITIGATION GROUP, PLLC**
                                                               C.K. Lee (CL 4086)
                                                               Anne Seelig (AS 3976)
                                                               148 W. 24th Street, 8th Floor
                                                               New York, NY 10011
                                                               Tel.: 212-465-1180
                                                               Fax: 212-465-1181
                                                               *Attorneys for Plaintiff,*
                                                               *FLSA Collective Plaintiffs*
                                                               *and the Class*

14